**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.**

NIGEL ANTHONY HIBBERT,

     Plaintiff,

 v.

GULFSTREAM GOODWILL INDUSTRIES, INC.,

     Defendant.

_____/

**COMPLAINT**
*{Jury Trial Demanded}*

Plaintiff NIGEL ANTHONY HIBBERT ("Hibbert") brings this action against Defendant GULFSTREAM GOODWILL INDUSTRIES, INC. ("GGI") and alleges as follows:

1.    This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-219 ("FLSA"). Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2.    At all times material hereto, Plaintiff was a resident of Florida and an "employee" of Defendant as defined by the FLSA.

3.    At all times material hereto, GGI was a Florida corporation that regularly transacted business in Broward County, Florida.

4.    Upon information and belief, GGI's gross sales or business generated was over $500,000 per year at all times material hereto.

5.    GGI has employees handling, selling, or otherwise working on goods or materials that were moved in or produced for commerce, including but not limited to computers, phones, pens, and paper.

1

6. GGI was an enterprise engaged in commerce or the production of goods for commerce and is covered by the FLSA at all times material hereto.

7. GGI operates a business engaged in operation of thrift stores and homeless shelters.

8. Hibbert worked for Defendant as a housing technician.

9. Defendant failed to pay Hibbert's full and proper overtime wages.

10. Defendant knowingly and willfully refused to pay Plaintiff's legally-entitled wages.

11. Attached as **Exhibit A** is a preliminary calculation of Hibbert's claims including date ranges, hours worked, rates of pay, and unpaid wages; these amounts may change as Plaintiff engages in the discovery process.

12. Plaintiff retained the services of the undersigned and is obligated to pay for the legal services provided.

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**

13. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-12 above as if set forth herein in full.

14. Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), Plaintiff is entitled to (i) time-and-a-half overtime pay and (ii) liquidated damages.

15. Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendant, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
800 East Cypress Creek Road Suite 421
Fort Lauderdale, Florida 33334
Tel:     (786) 924-9929
Fax:     (786) 358-6071
Email: ekoz@kozlawfirm.com

Elliot Kozolchyk, Esq.
Florida Bar No. 74791
Dillon Cuthbertson, Esq.
Florida Bar No. 1056382

3