**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

Case No. 0:25-cv-60047-SINGHAL/STRAUSS

NIGEL ANTHONY HIBBERT,

       Plaintiff,

v.

GULFSTREAM GOODWILL INDUSTRIES
INC.,

       Defendant.

_____/

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant, GULSTREAM GOODWILL INDUSTRIES, INC. ("GGI" or "Defendant"), by and through its undersigned counsel, submits the following Answer and Affirmative Defenses to the Complaint [DE 1] and states as follows:

1. Defendant admits only that Plaintiff filed the above-captioned lawsuit purportedly asserting claims under the Fair Labor Standards Act (the "FLSA" or the "Act"), but denies that Plaintiff is entitled to any relief whatsoever. Defendant admits this Court generally has jurisdiction over FLSA claims, but otherwise does not concede any defenses regarding coverage of the Act. This Paragraph also contains conclusions of law to which no response is required.

2. Defendant lacks sufficient knowledge and information to admit or deny the allegations contained within this paragraph and, therefore, denies the same. This paragraph also contains conclusions of law to which no response is required.

3. GGI admits that it is registered as a Florida not-for-profit corporation, and that it operates in Palm Beach County, Florida. Otherwise denied.

4. The allegations of this Paragraph are denied.

5.      Paragraph 5 is denied and contains conclusions of law to which no response is required.

6.      Paragraph 6 is denied and contains conclusions of law to which no response is required.

7.      GGI admits that it operates homeless shelters. Otherwise denied.

8.      Defendant admits the allegations of Paragraph 8.

9.      Defendant denies the allegations of Paragraph 9.

10.     Defendant denies the allegations of Paragraph 10.

11.     Defendant admits there is an "Exhibit A" attached to the Complaint, but denies that this Exhibit in any way accurately representants any fact at issue in this action. Otherwise, denied.

12.     Defendant lacks sufficient knowledge and information to admit or deny the allegations contained within this paragraph and, therefore, denies the same.

## COUNT I. VIOLATIONS OF THE FLSA

13.     Defendant reasserts and incorporates by reference its responses to Paragraphs 1 through 12 of the Complaint as if fully set forth herein.

14.     Defendant denies the allegations of Paragraph 14.

15.     Defendant admits Plaintiff seeks recovery of damages, but denies that Plaintiff is entitled to any relief whatsoever.

## PRAYER FOR RELIEF

WHEREFORE, having answered and responded to the allegations in the Complaint, GGI denies that Plaintiff is entitled to the relief requested and respectfully requests that:

1.      Plaintiff's claims be dismissed with prejudice in their entirety;

2.      Each and every prayer for relief contained in the Complaint be denied;

2

CASE NO. 0:25-cv-60047-SINGHAL/STRAUSS

3.       Judgment be entered in favor of GGI;

4.       GGI be awarded all costs that may be awarded to GGI and against Plaintiff pursuant to applicable laws; and

5.       GGI be awarded such other and further relief as this Court may deem just and proper.

## AFFIRMATIVE DEFENSES

GGI, having denied each and every allegation not expressly admitted above, hereby affirmatively alleges and asserts the following defenses with respect to the claims alleged in the Complaint. GGI serves notice that it intends to rely upon other and further affirmative defenses that may become available or apparent during the discovery proceedings in this case and reserves the right to amend its answer to assert any such defenses.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff did not work more than 40 compensable hours per week during his employment.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims in the Complaint fail to state a claim upon which relief may be granted by this Court.

## THIRD AFFIRMATIVE DEFENSE

Some or all of the claims asserted in the Complaint are barred by the applicable statute of limitations.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's position was exempt from the overtime wage provisions of the FLSA, in that Plaintiff was subject to the managerial/ "white collar" exemptions.

## FIFTH AFFIRMATIVE DEFENSE

The damages claimed by Plaintiff are barred to the extent that are speculative in nature.

CASE NO. 0:25-cv-60047-SINGHAL/STRAUSS

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff fail to assert an ascertainable loss.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff may not recover multiple or liquidated damages because GGI did not commit any oppressive, willful, wanton, fraudulent, and/or malicious acts and/or authorized and/or ratified any such acts with respect to Plaintiff, and because Plaintiff has failed to plead facts sufficient to support recovery of such damages.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff may not recover for any liquidated damages as GGI acted at all times in good faith and on a reasonable basis toward Plaintiff and/or purported class members.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff may not recover for any non-compensable time or for any damages inconsistent with or barred by the Portal-to-Portal Act 29, U.S.C. §§ 251 to 262.

### TENTH AFFIRMATIVE DEFENSE

Some or all of the claims asserted in the Complaint are barred because all acts or omissions were in good faith conformity with and reliance on the written administrative regulations, order, rulings, approvals, guidance, and/or interpretations of the United States Department of Labor.

### ELEVENTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, because all actions and/or omissions complained of were in good faith and based on reasonable grounds for believing such actions and/or omissions were not violations of the FLSA.

### TWELFTH AFFIRMATIVE DEFENSE

Some or all of the claims asserted and/or relief sought in the Complaint are barred by the equitable doctrines of laches, estoppel, ratification, and/or unclean hands.

### THIRTEENTH AFFIRMATIVE DEFENSE

Some or all of the disputed time is not compensable pursuant to the *de minimis* doctrine.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to some or all of the relief requested in the Complaint because, even if any unlawful act or omission occurred, which GGI expressly denies, GGI cannot be held vicariously liable for alleged misconduct that is contrary to GGI's express policies, procedures, and good faith efforts to comply with applicable laws and/or regulations.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the alleged injuries and damages were proximately caused solely by the acts or omissions of other persons, and no injuries or damages were proximately caused or contributed to by any act or omission of GGI.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, in whole or in part, are barred by the doctrine of waiver/ previous release.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, in whole or in part, are barred because for some or all of the time period at issue, Defendant was not a covered enterprise under the FLSA.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant did not willfully violate the FLSA. Thus, a two-year, rather than three-year statute of limitations, would be applicable to this action.

Dated: February 14, 2025                    Respectfully submitted,

JACKSON LEWIS P.C.
One Downtown
1 SE 3rd Avenue, Suite 2300
Miami, Florida 33131
Telephone: (305) 577-7600

By: *s/ Dion Cassata*

Dion J. Cassata, Esq. (FBN 672564)
Email: *Dion.Cassata@jacksonlewis.com*

Jason T. Gutknecht, Esq. (FBN 1015862)
Email: *jason.gutknecht@jacksonlewis.com*

*Counsel for Defendant*

7

CASE NO. 0:25-cv-60047-SINGHAL/STRAUSS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this February 14, 2025, a true and correct copy of the

foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, which

will send notice of electronic filing to all counsel of record.

By: *s/ Dion J. Cassata*

Dion J. Cassata, Esq.

## SERVICE LIST

| | |
|---|---|
| Elliot Kozolchyk, Esq. | Dion J. Cassata, Esq. |
| Florida Bar No.: 74791 | Florida Bar No. 672564 |
| Email: *ekoz@kozlawfirm.com* | Email: *Dion.Cassata@jacksonlewis.com* |
| | |
| Dillon Cuthbertson, Esq. | Jason T. Gutknecht, Esq. |
| Florida Bar No.: 1056382 | Florida Bar No. 1015862 |
| Email: *dc@kozlawfirm.com* | Email: *jason.gutknecht@jacksonlewis.com* |

**KOZ LAW, P.A.**
800 East Cypress Creek Road, Suite 421
Fort Lauderdale, Florida 33334
Telephone: (786) 924-9929

*Counsel for Plaintiff*

**JACKSON LEWIS P.C.**
One Downtown
1 SE 3rd Avenue, Suite 2300
Miami, Florida 33131
Telephone: (305) 577-7600

*Counsel for Defendant*

4935-8047-1834, v. 1

8